PIERCE, Judge.
Appellant Harold Lowe appeals from an order denying post-conviction relief under CrPR 1.850, 33 F.S.A.
Lowe was informed against on December 2, 1960 in the Pinellas County Circuit Court for the offense of possession of burglarious tools. At arraignment and without counsel, he entered plea of guilty to the charge, and on January 12, 1961 was sentenced to a term of imprisonment. He was not represented by counsel at time of sentence.
On October 28, 1968, Lowe filed petition under old C.P.R. No. 1, (now CrPR 1.850) to vacate the sentence imposed upon him almost eight years before, on the principal grounds that at the critical stages of the trial such as arraignment, entering plea, and imposition of sentence, he was without counsel, alleging that although he was an indigent and “repeatedly requested the Court to appoint counsel for him, no attorney was appointed”.
On November 26, 1968 the Court, summarily and without hearing, denied the relief sought and dismissed the petition. The ground for such denial, as stated in the Court’s order is that Lowe “is, and has been for several years, in the custody of the State Board of Corrections, Atlanta, Georgia, having escaped from custody in Florida on April 3, 1961; and * * * is not now in custody under the judgment and sentence complained of in his Motion; and * * * is entitled to no relief, at this time”.
The “files and records of the case”, as exemplified to this Court by the Transcript of Record, do not contradict the sworn allegations and Lowe’s post-conviction petition as to absence or denial of counsel aforesaid; hence, under the affirmative terms of CrPR 1.850, in the light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and the plethora of cases consequent thereto, the petition on its face made out a prima facie showing for post-conviction relief.
And the Court’s order of denial of November 26, 1968 did not assert the contrary; instead, it predicated denial of the petition on the fact that Lowe “is not now in custody under the judgment and sentence complained of in his Motion” ; in other words, when Lowe filed his Motion he was not then in actual custody serving the sentence he was seeking to vacate.
This Court recently, in Reynolds v. State, Fla.App.1969, 224 So.2d 769, opinion filed July 2, 1969, held it was not necessary, in a case involving application for relief under CrPR 1.850 that the petitioner be in custody serving the sentence as to which he was seeking relief, or even that he be in custody in the State of Florida. The Reynolds case is now before the Supreme Court of Florida upon application for certiorari filed by the Attorney General, therefore in the present state of the case, the only binding precedent we have on the point of availability of CrPR 1.850 to a person in the status of Lowe, is our own Reynolds opinion. Therefore, we must presently ' hold that Lowe’s petition for post-conviction relief was open for consideration, and that the allegations therein contained, on their face, stated a cause for relief. Consequently, the petition should have been granted and a hearing . had. The order appealed from is therefore reversed with directions for the lower Court to proceed in a manner consistent with what we have herein said.
Reversed.
LILES, Acting C. J., and MANN, J., concur.